IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK RIVERA, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| BUREAU OF PRISONS et al., | : | CIVIL ACTION NO. |
| Respondents. | : | 1:12-CV-2435-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Coleman, Florida. While confined at the federal prison in Atlanta, Georgia, Petitioner, pro se, filed in the U.S. District Court for the Southern District of Florida a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) That Court transferred the petition to this Court in July 2012. (Docs. 6, 7.) Petitioner complained in his petition of his placement in disciplinary segregation at the Atlanta prison in February 2012. (Doc. 1.) Petitioner filed a motion for a temporary restraining order, a motion to amend, and a motion to stay the deadline to file a motion under 28 U.S.C. § 2255.[1] (Docs. 9, 10, 12.)

---

[1] If Petitioner wishes to file a motion under 28 U.S.C. § 2255 or seeks an extension of time to do so, he must file his motion(s) in the federal district court in which he was sentenced. *See* 28 U.S.C. § 2255(a) (providing that federal prisoners may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). Petitioner was not convicted or sentenced in this Court.

On July 20, 2012, the Court ordered Petitioner to submit, within thirty days, an amended petition and either the filing fee for this action or an application to proceed *in forma pauperis*. (Doc. 11.) That Order advised Petitioner that failure to comply may result in dismissal of this action. (*Id.*) Petitioner has not complied, and the deadline for doing so has passed.[2] On August 10, 2012, Petitioner informed the Court that he has been transferred to the federal prison in Florida. (Doc. 14.)

The undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with a lawful order of the Court and that Petitioner's motions be **DENIED AS MOOT**. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa. Dismissal is further warranted because the record

---

[2] Three days after the Court's Order was entered, the Court received from Petitioner a supplement to his petition, but that supplement does not provide the information regarding his disciplinary segregation claim that the Court ordered him to provide in an amended petition. (Doc. 12.) The Court informed Petitioner in its Order that this action would proceed as a habeas action and that if he wished to file a civil rights action he must file a separate complaint on the form the Court provided him. (Doc. 11.) Petitioner has not filed a civil rights complaint.

indicates that Petitioner is no longer in disciplinary segregation at the Atlanta prison.

**SO RECOMMENDED** this 5 day of September, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

3